*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0194**

State of Minnesota,
Respondent,

vs.

Ira Dell Sholar,
Appellant.

**Filed January 23, 2017
Affirmed
Reyes, Judge**

Hennepin County District Court
File No. 27-CR-14-35028

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean Burdorf, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jessica Merz Godes, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Johnson, Presiding Judge; Reyes, Judge; and T. Smith, Judge.

## U N P U B L I S H E D   O P I N I O N

**REYES**, Judge

Appellant argues that the district court committed plain error that affected his substantial rights when the complainant was not sworn in before testifying and the district

court's post-testimony questioning of the complainant was not a sufficient remedy. Because we conclude that any error did not affect appellant's substantial rights, we affirm.

**FACTS**

On July 24, 2014, appellant Ira Sholar sexually touched then seven-year-old D.P.D. while she was playing at a friend's house. At the time of the offense, appellant was 48 years old.

After the incident, D.P.D's friend's mother confronted appellant, and appellant denied D.P.D.'s allegations. Both D.P.D.'s and the friend's mothers called the police, and the responding officer arrested appellant.

Four days after the incident, a forensic investigator interviewed D.P.D. at CornerHouse, a nonprofit child-advocacy center that provides a neutral environment for forensic interviews with children. During the interview, D.P.D. provided the investigator with the same allegations against appellant. Subsequently, the state charged appellant with second-degree criminal sexual conduct in violation of Minn. Stat. § 609.343, subd. 1(a) (2012), for engaging in sexual contact with D.P.D., a person under the age of 13 and more than 36 months younger than appellant.

Appellant pleaded not guilty and waived his right to a jury trial. At the bench trial, D.P.D. was the state's first witness. The judge, however, did not administer an oath before D.P.D. testified. After the state's second witness was called and sworn in, the second witness was taken out of the courtroom and the judge called D.P.D. back into the courtroom. The judge, interpreting *State v. Mosby*, 450 N.W.2d 629 (Minn. App. 1990),

2

*review denied* (Minn. Mar. 6, 1990), asked D.P.D. if she understood the difference between the truth and a lie, if she told the truth when she provided testimony, and if the lawyers informed her prior to trial that she needed to tell the truth. D.P.D. responded in the affirmative to all of the judge's questions. Appellant's trial attorney did not object to the questions asked or the admission of D.P.D.'s testimony.

After the bench trial, the district court found appellant guilty. Appellant was sentenced to 36 months in prison, stayed, on the condition that he serve 270 days in the workhouse, with credit for time served of 108 days. This appeal follows.

## D E C I S I O N

Appellant argues that the district court committed plain error affecting his substantial rights because D.P.D. was not sworn in before testifying and the district court's post-testimony inquiry was an insufficient remedy. We disagree.

Under the plain-error standard, "there must be (1) error; (2) that is plain; and (3) the error must affect substantial rights." *State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998). Appellant has the burden to prove each prong. *Id.* at 740-41. If appellant meets his burden, then this court determines whether the error should be addressed to ensure the fairness and integrity of judicial proceedings. *Id.* at 740.

### *Failure to obtain a witness's oath or affirmation that they will testify truthfully prior to testifying is error that is plain.*

Appellant argues that the district court committed plain error because the district court did not swear in D.P.D. before she testified. The state does not dispute the error; rather, the state argues that appellant waived his claim of error. However, Minn. R.

3

Crim. P. 31.02 allows this court to review the district court's unobjected-to errors that are plain and affect substantial rights. *See State v. Martinez*, 725 N.W.2d 733, 739 (Minn. 2007) ("Failure to object to the admission of evidence generally constitutes a waiver of the right to appeal on that basis; however, this court has discretion to consider an error not objected to at trial if it is plain error that affects substantial rights.").

An error is plain if it is clear or obvious because it "contravenes case law, a rule, or a standard of conduct." *State v. Ramey*, 721 N.W.2d 294, 302 (Minn. 2006). Minn. R. Evid. 603 provides that "*before* testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness' conscience and impress the witness' mind with the duty to do so." (Emphasis added.) Here, the district court did not make these inquiries before D.P.D. provided testimony. This is contrary to rule 603; thus, it is error that is plain.

***The plain error did not affect appellant's substantial rights.***

Appellant argues that the plain error affected his substantial rights because he would not have been convicted absent D.P.D.'s unsworn testimony, the state did not present any physical evidence or eyewitnesses, and appellant consistently denied D.P.D.'s allegations. We disagree.

A plain error affects substantial rights "if the error was prejudicial and affected the outcome of the case." *Griller*, 583 N.W.2d at 741. Appellant satisfies this prong of the analysis if he shows that "there is a reasonable likelihood that the error had a significant effect on the [district court's] verdict." *State v. Vance*, 734 N.W.2d 650, 656 (Minn. 2007), *overruled on other grounds by State v. Fleck*, 810 N.W.2d 303 (Minn. 2012).

4

Appellant asserts that D.P.D.'s testimony was prejudicial because it was unsworn testimony and "the district court's post-testimony consultation with D.P.D." did not satisfy rule 603. Rule 603, however, "is designed to afford the flexibility required in dealing with . . . children[, . . .] and *no special verbal formula is required*" to effectuate a child's affirmation to tell the truth. *Mosby*, 450 N.W.2d at 633 (quoting Minn. R. Evid. 603 comm. cmt.). Here, when the district court realized its error, the judge held an off-the-record discussion with the lawyers, immediately recalled D.P.D. to the witness stand, assessed whether D.P.D. understood the difference between the truth and a lie, and asked if the lawyers had any questions. These actions indicate that, despite any error, D.P.D.'s testimony was not prejudicial because the district court determined that D.P.D. understood her obligation to tell the truth while on the witness stand.

Appellant's argument that his substantial rights were affected because the state failed to present evidence beyond D.P.D's testimony is without merit. Aside from D.P.D.'s testimony, the state offered five exhibits into evidence, all of which were received. Among the exhibits were a DVD from D.P.D.'s CornerHouse interview that was played for the district court and a transcript of that interview. The state also offered five witnesses whose testimony corroborated D.P.D.'s interview statements. The district court considered all of the evidence presented, including appellant's claim of innocence. Further, "[w]e defer to the fact-finder on determinations of credibility." *State v. Watkins*, 650 N.W.2d 738, 741 (Minn. App. 2002). Thus, appellant's substantial rights were not affected by the plain error because, even if the district court had not erred, it would have reached the same verdict.

Because the plain error did not affect appellant's substantial rights, we need not consider whether this court should address the error to ensure the fairness and integrity of the proceedings.

**Affirmed.**